Tbe opinion of tbe Court was delivered by
Glover, J.
Tbe account current furnished by tbe plaintiff, shows that tbe true balance due by tbe defendant, ascertained from various debits and credits, including the rope and bagging, was not one hundred and twenty-four dollars and thirty-four cents. It is only by a singular coincidence that tbe price of tbe rope and bagging and tbe balance so nearly correspond; but if these were identical, tbe proof of one item of tbe account does not establish tbe others. Suppose the difference bad been greater, and tbe balance *470 actually due by tbe defendant bad been much less than tbe price of tbe rope and bagging, would proof of tbe latter sbow tbe true dealings between tbe parties, and ascertain tbe correct indebtedness of tbe defendant? If tbe plaintiff’s cause of action bad been tbe draft in favor of L. B. Hanks, for two hundred dollars, which was subsequent in date to tbe rope and bagging, tbe proof of tbe payment of this draft would establish a liability far exceeding tbe amount claimed by the plaintiff; and tbe same result will follow tbe application of tbe rule contended for in tbe selection of any one item, tbe approximation to tbe true indebtedness depending upon tbe amount of tbe item selected.
Tbe question is not whether a party may sue for a distinct cause of action, but whether on the proof of one item of an account current, furnished by tbe plaintiff, and exhibiting tbe whole dealmgs between tbe parties, some prior and some subsequent in date to tbe one proved, be can recover tbe amount of that item, although it differs from tbe correct balance ascertained to be due. Tbe real cause of action is tbe account current, and until evidence is furnished of tbe debits and credits constituting it, tbe actual liability cannot be ascertained.
Another objection to tbe mode of proof insisted upon, will be manifest from an inspection of tbe debits and credits. On tbe 28d November, 1855 — more than two months after tbe rope and bagging were furnished — the plaintiff bad a balance in bis bands to tbe defendant’s credit, of more than seven hundred dollars. Consequently tbe demand now sued for was then paid, and tbe indebtedness of the defendant arose from other and subsequent liabilities.
The proof offered was, therefore, insufficient, and tbe motion to set aside tbe nonsuit is dismissed.
O’Neall, Wardlaw, Whitwer and Munro, JJ., concurred.

Motion dismissed.